IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| STEVEN E. HOLLOWAY,<br><br>                Plaintiff,<br>v.<br><br>STEVE HARRIS IMPORTS ET AL,<br><br>                Defendant. | REPORT AND RECOMMENDATION<br><br>Case No. 2:14-CV-861-DB-BCW<br><br>District Judge Dee Benson<br><br>Magistrate Judge Brooke Wells |

      Plaintiff Steven E. Holloway brings this action against Steve Harris Imports, Alberto Garcia, and Wayne A. Freestone, asserting violations of Plaintiff's civil rights.[1] Plaintiff, proceeding *pro se*, was allowed to proceed *in forma pauperis*.[2] The following motions are before the court; Plaintiff's Motion to Appoint Counsel[3], Plaintiff's Motion for a Default Judgment[4], Plaintiff's Motion for a Final Judgment[5], Plaintiff's Motion to terminate defendant Wayne A. Freestone from case[6], Plaintiff's Motion to Request for Decision[7], Plaintiff's Motion for executory judgment[8], Plaintiff's Motion for Default Judgment[9], and Plaintiff's Motion for

---

[1] Docket no. 63.

[2] Docket no. 1; *See* 28 U.S.C. § 1915.

[3] Docket no. 62.

[4] Docket no. 64.

[5] Docket no. 66.

[6] Docket no. 72.

[7] Docket no. 75.

[8] Docket no. 77.

[9] Docket no. 79.

Hearing.[10]  The case was referred to Magistrate Judge Wells.[11]  It does not appear that defendants were ever served with the Complaint in this matter.

Under the *in forma pauperis* Statute (the "IFP Statute"), the Court shall, at any time, *sua sponte*, dismiss a case if the court determines a complaint is frivolous or fails to state a claim upon which relief can be granted.[12]  The IFP Statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."[13]  Therefore, before reaching any of Plaintiff's Motions, the Court must satisfy itself that the Complaint is sufficient to proceed.

On September 24, 2015, Judge Benson screened Plaintiff's Complaint and issued an Order giving Plaintiff thirty days to cure deficiencies.[14]  In his September 24, 2015 Order Judge Benson noted the following deficiencies in Plaintiff's Complaint.  The Complaint

> *(a) is not on a court-approved form.*
> *(b) brings civil-rights claims against several commercial entities, who are not properly named, as they are not state actors.*
> *(c) does not affirmatively link Defendants to a violation of Plaintiff's civil rights.*
> *(d) has fantastical sounding claims that appear frivolous*
> *(e) has claims appearing to be based on conditions of current confinement; however, the complaint was apparently not submitted using the legal help Plaintiff is entitled to by his institution under the Constitution....[15]*

In his September 24, 2015 Order, Judge Benson warned that "if Plaintiff fails to timely cure the above deficiencies according to the instructions here, this action will be dismissed

---

[10] Docket no. 81.

[11] Docket no. 84.

[12] *See* 28 U.S.C. § 1915(e)(2)(B)(i–ii).

[13] *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

[14] Docket no. 55.

[15] Docket no 55 at 1.

without further notice."[16] Judge Benson instructed Plaintiff that his Complaint "must clearly state what each individual defendant did to violate Plaintiff's civil rights."[17] Further, Plaintiff was directed to "make clear exactly *who* is alleged to have done *what* to *whom*."[18]

On October 23, 2015, Plaintiff filed his Amended Complaint.[19] Plaintiff's Amended Complaint does not cure the deficiencies outlined above. First, and perhaps least importantly, Plaintiff's Complaint is not on a court-approved form. These forms are provided to aid *pro se* parties. Second, the Amended Complaint continues to bring civil-rights claims against commercial entities and individuals who are not state actors. The United States Constitution imposes limitations only on state action; it does not reach the conduct of private parties, no matter how discriminatory or harmful.[20] The Defendants named herein are not alleged to have acted under authority or color of law. Third, Plaintiff has not affirmatively linked Defendants to any violation of Plaintiff's civil rights. It is clear from the Complaint that Plaintiff believes he is entitled to money from Defendants, but what Plaintiff has not done is "make clear exactly *who* is alleged to have done *what* to *whom*."[21] Fourth, and finally, Plaintiff continues to have fantastical claims that appear frivolous.

Judge Benson also warned that litigants who have had three *in forma pauperis* cases dismissed as frivolous or meritless will be restricted from filing future lawsuits without paying fees. The Court has reviewed Plaintiff's previously filed cases[22] and given that the dismissals

---

[16] *Id.* at 4.

[17] *Id.* at 2.

[18] *Id.* at 3.

[19] Docket no. 63.

[20] *Brentwood Acad. v. Tenn Secondary Sch. Athletic Ass'n.*, 531 U.S. 288, 295 (2001).

[21] *Robbins v. Oklahoma*, 519 F.3d 1242, at 1250 (10th Cir. 2008).

[22] *Holloway v. Wayne et al*, 2:04-cv-874 (case dismissed without prejudice for failure to consent to incremental collection from Plaintiff's inmate account); *Holloway v. Board of Pardons and Parole*, 2:05-cv-818 (same).

were not due to the merit of Plaintiff's cases, the Court does not recommend imposing filing restrictions on Plaintiff at this time.

CONCLUSION AND RECOMMENDATION

IT IS HEREBY RECOMMENDED that

1) Plaintiff's Complaint is dismissed with prejudice as being meritless.

2) Plaintiff's pending motions are deemed MOOT.[23]

**NOTICE**

Copies of this Report and Recommendation are being sent to all parties who are hereby notified of their right to object.[24] Within fourteen (14) days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of Court. Any objection must be filed within this deadline. Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 7 June 2016.

Brooke C. Wells
United States Magistrate Judge

---

[23] Docket nos. 62, 64, 66, 72, 75, 77, 79, 81, and 84.

[24] *See* 28 U.S.C. §636(b)(1).